ELLA C. NEEDHAM *v.* CLARK L. LONG'S ESTATE.

October Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed November 19, 1902.

*Insolvency—Contingent claim—Order for dividend.*

An order of the Court of Insolvency declaring, in terms, a dividend of a blank per cent to the creditors of an insolvent estate, does not amount to an order of a dividend, final or otherwise.

APPEAL IN INSOLVENCY. Heard on an agreed statement of facts at the March Term, 1902, Rutland County, *Watson,* J., presiding. Judgment, *pro forma,* for the claimant. The assignees excepted.

*Edward Dana* for the assignees.

The plaintiff's claim was not seasonably presented to the Court of Insolvency. On January 10, 1900, the third meeting of the creditors was held. The estate was finally closed on that day. The dividend was ordered, but the amount was not

computed.   The appeal on another claim suspended the figur-
ing of the final dividend, but did not keep the estate open so as
to allow any new matters or new claims, contingent or other-
wise, to be presented.

   *Joel C. Baker* for the claimant.

   V. S. 2074 enables this claimant to present his claim *at
any time.*   This means at any time before the estate is closed
by an allowance of the final dividend thereon.   The order of
the Court of Insolvency shown by the agreed statement does not
amount to this, so the claim was presented seasonably.

   HASELTON, J.   The sole question in this case is whether
a contingent claim of the plaintiff against the insolvent estate
of Clark L. Long was seasonably presented to the Court of In-
solvency.   In determining this question it is not necessary to
determine the meaning of the phrase "at any time" as used in
V. S. 2074, in relation to the time for filing such claims.   The
statute makes it clear, and the defendant concedes, that the
claim was seasonably presented if it was presented before the
order for the final dividend; and it was so presented.   Before
the presentation of the claim there was an order of the Court of
Insolvency declaring, in terms, a dividend of a blank sum on
the dollar to the creditors of the estate; but this did not amount
to the order of a dividend, final or otherwise.   Besides, the
order was made at a time when, by reason of litigation over a
claim called the "Tower Claim," there could be no order of the
final dividend.

   *The pro forma judgment of the County Court is affirmed,
and the cause is remanded that proceedings may be had in ac-
cordance with such judgment.*